**GLUCK LAW FIRM P.C.**
Jeffrey S. Gluck (SBN 304555)
Jeff@GluckIP.com
123 N. Kings Road, Suite 6
Los Angeles, California 90048
Telephone: 310.776.7413

**ERIKSON LAW GROUP**
David Alden Erikson (SBN 189838)
david@daviderikson.com
S. Ryan Patterson (SBN 279474)
ryan@daviderikson.com
200 North Larchmont Boulevard
Los Angeles, California 90004
Telephone: 323.465.3100
Facsimile: 323.465.3177

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PETER GATIEN, an individual;<br><br>Plaintiff,<br><br>v.<br><br>STARWOOD HOTELS & RESORTS WORLDWIDE, INC, a Maryland Corporation; W HOTEL MANAGEMENT, INC., a Delaware Corporation; SPEAKEASY HOSPITALITY GROUP, LLC., a Massachusetts Corporation; and DOES 1-10 inclusive.<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT, VIOLATION OF THE LANHAM ACT, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Peter Gatien, an individual (“Plaintiff”), hereby complains against Defendant Starwood Hotels & Resorts Worldwide, Inc., (“Starwood”), Speakeasy Hospitality Group, LLC (“Speakeasy”), and Does 1-10 inclusive, (collectively referred to as “Defendants”) as follows.

## SUMMARY OF THE CASE

1. Plaintiff owned and operated a legendary New York City nightclub called "Tunnel." In addition to its trade name, Tunnel is known to the public by its highly distinctive logo, pictured below left (the "Logo").







2. Inexplicably, Defendants have recently opened their own "Tunnel" nightclub in the W Hotel in Boston—misappropriating not only the name but also the logo (pictured above right). In doing so, Defendants have brazenly misappropriated the considerable good will associated with Plaintiff's brand. In fact, the falsely claimed association with Tunnel lends a much-coveted cool factor to Defendants' night club—a huge marketing benefit that is otherwise hard to come by in Starwood's highly corporate hotels. Even if understood as a misguided attempt to pay homage to a landmark of nightlife culture, there is no question that Defendants are improperly profiting from their perceived association with the true and original Tunnel, and that Plaintiff is damaged by the reduced opportunities associated with his creativity and brand.

3. Several months ago, as soon as he discovered the infringements,

Plaintiff demanded that Defendants immediately change the name and logo of their nightclub. Defendants refused and continue to use the infringing name and logo.

## JURISDICTION AND VENUE

4. Plaintiff brings this action for copyright infringement (17 U.S.C. Section 101 et seq.); violation of Section 43(a) of Lanham Act (15 U.S.C. Section 1125(a)); and unfair competition under California law.

5. This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 28 U.S.C. Section 1331 ("federal question jurisdiction") and 1338(a)-(b) ("patent, copyright, trademark and unfair competition jurisdiction") in that this action arises under the laws of the United States and, more specifically, Acts of Congress relating to patents, copyrights, trademarks, and unfair competition. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. Section 1367(a)("supplemental jurisdiction") in that they are so related to the federal law intellectual property claims in the action that they form part of the same case or controversy under Article III of the United States Constitution.

6. Defendants are subject to the personal jurisdiction of the Court because they do or transact business in, have agents in, or are otherwise found in and have purposely availed themselves of the privilege of doing business in California and in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(1)-(3) because one or more Defendant is subject to personal jurisdiction here, in that Starwood manages or operates approximately 100 properties in California.

## THE PARTIES

8. Defendant Starwood is an American hotel and leisure company operating, managing, or franchising more than 1,200 properties. W Hotels is

Starwood's luxury boutique hotel brand, generally marketed towards a younger and hipper clientele. Starwood is a multinational corporation authorized to do business, and doing business, in Los Angeles County. It maintains a headquarters in San Francisco, California.

9. Defendant W Hotel Management, Inc. is a Delaware based corporation, licensed to conduct business in California. Plaintiff is informed, and believes, and thereon alleges that W Hotel Management, Inc. is responsible for the management at Defendant Starwood's W Hotels throughout the United States, including hotels in this judicial district, and the W Hotel in Boston.

10. Defendant Speakeasy is a Massachusetts-based hospitality company operating numerous restaurants, bars, and nightclubs in and around the Boston area, including the Tunnel nightclub located at Defendant Starwood's W Hotel in Boston ("Tunnel Boston"). Speakeasy is a Massachusetts corporation authorized to do business, and doing business, in Los Angeles County.

11. Plaintiff Peter Gatien is a nightclub owner best known for owning and operating several New York City nightclubs, including the original Tunnel nightclub in New York City (the "Original Tunnel"). Gatien is a resident of New York City.

12. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1-10, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when the same has been ascertained. Plaintiff is informed and believes, and thereon alleges, that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

13. Each of the Defendants acted as an agent for each of the other Defendants in doing the acts alleged and each Defendant ratified and otherwise adopted the acts and statements performed, made or carried out by the other

Defendants so as to make them directly and vicariously liable to the Plaintiff for the conduct complained of herein. Each Defendant is the alter ego of each of the other Defendants.

## GENERAL ALLEGATIONS

### A. The Original Tunnel Nightclub

14. Plaintiff is a well-known nightclub operator. His nightlife career spanned the 1990's and 2000's, and included owning and operating two of New York City's most famous nightclubs: Limelight and the Original Tunnel. The Original Tunnel is widely known as "the biggest club in hip-hop history."[1] Harper's Bazaar named it one of the top 10 most historic and iconic New York nightclubs of all time.[2] During the time the Original Tunnel was open from 1986 – 2001, Plaintiff used the name "Tunnel" and the Logo as indicators of the source of his products and services, including night club entertainment services (i.e., as a means to inform consumers and the public that he was the source of the goods and services in question.) As a result, and in light of the extreme popularity of the Original Tunnel, the public has come to recognize the "Tunnel" trade name, and the Logo as indicators of source of the goods and services (including night club entertainment services) offered by Plaintiff and the Original Tunnel. In addition, due to Plaintiff's use of the marks as just described, the public associates Plaintiff with the the goods and services (including night club entertainment services) offered by the Original Tunnel.

15. Since the closure of the Original Tunnel, Plaintiff has used and/or authorized the use of the Tunnel brand, trade name, and logo with respect to reunion night club and entertainment events, as well as a clothing line, several

---

[1] http://www.complex.com/pop-culture/2012/08/the-oral-history-of-the-tunnel

[2] http://www.harpersbazaar.com/culture/features/g6051/historic-new-york-city-nightclubs/

documentaries and a feature film, and other various business endeavors.

**B. Defendants' Knockoff Tunnel Nightclub**

16. Inexplicably and without authorization, Defendants opened a nightclub located at the W Hotel Boston—not only naming it "Tunnel Boston" but also utilizing a literal copy of the Logo in advertising and marketing materials, as Tunnel Boston's main logo.

17. In this regard, Defendants undertook to unlawfully copy, and did unlawfully copy, Plaintiff's Tunnel club name and logo for the purpose of attracting and engaging customers who believed it was affiliated with the original famous Tunnel New York nightclub.

18. The décor and "overall look and feel" of Tunnel Boston resembles and evokes that of the Original Tunnel ("Tunnel Trade Dress").

19. Defendants made these unauthorized copies of Plaintiff's logo, trademark and the Tunnel Trade Dress without his consent.

20. Defendants use of Plaintiff's trade name and logo is for promotional and advertising purposes, and is designed to increase revenue and has increased revenue.

21. Defendants continue to use Plaintiff's trade name and logo for their own benefit, without authorization, and despite the demands for its removal by Plaintiff.

22. Due to Defendants' use of Plaintiff's assets, Plaintiff's Tunnel brand reputation has been damaged.

23. Defendants' use of Plaintiff's brand name and logo is deceptive in that it strongly suggests that Plaintiff endorses, sponsors, or is affiliated with Defendants and their goods and services, causing (and substantially likely to continue to cause) mistake and confusion. Of course, Plaintiff has never endorsed, sponsored, or affiliated himself with Defendants in any way.

24. Defendants' unauthorized use of Plaintiff's brand name and logo is willful, knowing and intentional. Plaintiff urgently demanded removal of the name and logo several months ago immediately upon learning of the infringing conduct. Defendants have refused to comply.

25. Defendants benefitted from the misappropriation and infringement in a number of ways, including but not limited to the following: (i) they enjoyed the increased revenue generated by the false impression that their nightclub brand was affiliated with Plaintiff's nightclub brand; and (ii) the association with Plaintiff and Plaintiff's famous nightclub increased the value, image, and positioning of both the Speakeasy and Starwood brands.

26. Plaintiff has been harmed by the misappropriation and infringement described above in a number of ways, including damage to Plaintiff's reputation and market value in the nightclub industry upon the perceived association with and endorsement of Starwood and Speakeasy, resulting in diminished value of his works.

27. Plaintiff is informed and believes, and thereon alleges, that Defendants' alleged conduct was, and continues to be, intentional, deliberate, willful, wanton, committed with the intention of injuring Plaintiff, and depriving Plaintiff of Plaintiff's legal rights; was, and is, despicable conduct that subjects Plaintiff to a cruel and unjust hardship; and was, and continues to be, undertaken with oppression, fraud and malice. Accordingly, Plaintiff is entitled to an award of punitive or exemplary damages.

28. Defendants' actions have caused, and will continue to cause, damage and irreparable harm to Plaintiff (as described above) and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff, unless preliminarily and permanently enjoined and restrained by the Court.

**First Claim For Relief for Unfair Competition Under Section 43(a) of The Lanham Act (15 U.S.C. § 1125(a))**

**(Against All Defendants)**

29. Plaintiff incorporates herein by this reference paragraphs 1 through 28 as if set forth in full in this cause of action.

30. As described above, Defendants have falsely used Plaintiff's "Tunnel" brand name, the Tunnel Trade Dress, and the Logo (the "Tunnel Source Indicators"), using Tunnel Source Indicators in connection with and as false source indicators for Tunnel Boston, including in advertising and marketing materials, creating confusion and/or a likelihood of confusion as to source, and falsely creating the impression that Plaintiff and his business endorses or is affiliated with Defendants business.

31. The Tunnel Source Indicators are known throughout the United States, the State of California, and the World, as indicators of source with respect to goods and services, including night club entertainment services.

32. Plaintiff spent substantial resources successfully establishing Tunnel Source Indicators in the minds of consumers as associated with high quality goods and services, including prestigious night club entertainment.

33. The Tunnel Source Indicators are strong fanciful, non-functional, non-descriptive and inherently distinctive source indicators. Through Plaintiff's efforts in utilizing The Tunnel Source Indicators for more than two decades, they have become distinctive of his business, and acquired secondary meaning among relevant consumers and the public generally.

34. Defendant used The Tunnel Source Indicators in interstate commerce, as alleged above.

35. Defendants' use of The Tunnel Source Indicators is designed to create and does create the false and deceptive commercial impressions that Defendants and

Defendants' business is associated with and/or endorsed by Plaintiff. The use by Defendants of The Tunnel Source Indicators is likely to cause confusion or mistake or deception of consumers as to the source of the Defendants' product, or as to Plaintiff's endorsement of the goods.

36. Customers and potential purchasers are likely to be attracted to the infringing services products described herein, creating an initial interest in upon seeing them and creating a lasting appreciation, believing them to be special and uniquely associated with Plaintiff, thereby resulting in consumer confusion. Defendants' conduct will damage Plaintiff's ability to enjoy, maintain and exploit his hard-won brand-recognition and status as a leader and pioneer of night club entertainment.

37. Although Plaintiff maintained the highest standard of quality, and specifically did not casually lend the Tunnel name or logo to other operators, Plaintiff has no control over the type or quality of the goods and services provided by the Defendants.

38. By Defendants' conduct alleged here, Defendants have wrongfully appropriated for themselves business and goodwill value that properly belongs to Plaintiff and that Plaintiff had invested time, money, and energy in developing.

39. By reason of Defendants' acts of unfair competition as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, and a dilution in the value of Plaintiff's works, and Plaintiff's rights and reputation, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court.

40. By virtue of Defendants' acts hereinabove described, Defendants have committed, and are continuing to commit, unlawful, unfair, and fraudulent business acts in violation of, inter alia, 15 U.S.C. § 1125(a).

41. Defendants' acts of unfair competition in violation of 15 U.S.C. § 1125(a) have caused, and will continue to cause, damage and irreparable harm to Plaintiff (as described above) and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff, and to the goodwill associated with Plaintiff's valuable and well-known trade dress and Plaintiff's business relationships, unless preliminarily and permanently enjoined and restrained by the Court.

42. Plaintiff has no adequate remedy at law and will suffer irreparable injury if Defendants are allowed to wrongfully continue the conduct herein described.

43. In committing these acts of unfair competition, Defendants acted willfully, wantonly, and recklessly; and with conscious disregard for Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

**Second Claim For Relief for Unfair Competition Under**
**California Business And Professions Code §§ 17200 et seq.**
**(Against All Defendants)**

44. Plaintiff incorporates herein by this reference paragraphs 1 through 43 as if set forth in full in this cause of action.

45. Defendants, by means of the conduct above, have engaged in, and are engaging in, unlawful, unfair, fraudulent and deceptive business practices under California Business and Professions Code §§ 17200 et seq. These acts and practices undertaken by Defendants violate California Business & Professions Code § 17200 in that they are—as described above—unfair, fraudulent, and/or unlawful. Specifically, without limiting the generality of the foregoing, such acts and practices constitute violations of the Lanham Act, and are and were fraudulent in that: (a) Defendants seek to deceive consumers regarding the source, quality and origin of Defendants' goods and Defendants' association with Plaintiff and (b) the general

public and trade is likely to be confused regarding the business relationship between Plaintiff and Defendants. Further, without limiting the generality of the foregoing, the harm to Plaintiff and to members of the general public far outweighs the utility of Defendants' practices and, consequently, Defendants' practices constitute an unfair business act or practice within the meaning of Business and Professions Code § 17200. Further, without limiting the generality of the foregoing, such acts by Defendants are unlawful in that they violate, inter alia, the following statutes and/or regulations: 15 U.S.C. § 1125 (Lanham Act) and 17 U.S.C. § 501 (copyright infringement).

46. Plaintiff has sustained, and will continue to sustain, serious and irreparable injury to their business and reputation, as a direct and proximate result of Defendants' conduct (as described above). Unless Defendants are enjoined by this Court, there is a substantial possibility that they will continue to engage in such unlawful, unfair, and deceptive business practices, for which Plaintiff is without an adequate remedy at law. Accordingly, Plaintiff is entitled to a preliminary injunction and permanent injunction against Defendants and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, and all persons acting in concert with them, prohibiting them from engaging in further unlawful, unfair and/or fraudulent business practices.

47. As a direct result of Defendants' unlawful, unfair, fraudulent, and deceptive business practices, Defendants have received, and continue to receive, income and profits that they would not have earned but for their unlawful, unfair, and deceptive conduct and Plaintiff is entitled to disgorgement of such funds wrongfully obtained.

48. By reason of Defendants' acts of unfair competition as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to their business in the form of diversion of trade, loss of profits, and a dilution in the value of their

rights and reputation, all in amounts which are not yet ascertainable but which are estimated to be not less than the jurisdictional minimum of this court.

49. Plaintiff is also entitled under the provisions of Business and Professions Code §17208 to an injunction prohibiting Defendants, and each of them, from engaging in any act, directly or indirectly, which constitute unlawful, unfair, and deceptive business practices.

50. In committing these acts of unfair competition, Defendants acted willfully, wantonly, and recklessly; and with conscious disregard for Plaintiff's rights. Plaintiff is therefore entitled to punitive damages.

51. Defendants' conduct, if allowed to proceed and continue and/or let stand, will cause irreparable damage to Plaintiff's valuable business relationships and consumer relations and will require Plaintiff's to undertake efforts to mitigate damage to such relations, all to Plaintiff's detriment. Further, such mitigation costs will require substantial time, effort, and expenditures by Plaintiff, all to Plaintiff's detriment.

**Third Claim For Relief For Unfair Competition Under California Common Law**

**(Against All Defendants)**

52. Plaintiff incorporates herein by this reference paragraphs 1 through 51 as if set forth in full in this cause of action.

53. The above-described conduct of Defendants constitutes unfair competition under the common law of the State of California.

54. As a result of the actions of Defendants, Plaintiff has been damaged in an amount to be proven at trial.

**Fourth Claim For Relief For Copyright Infringement**

**(Against All Defendants)**

55. Plaintiffs incorporate herein by this reference paragraphs 1 through 54

as if set forth in full in this cause of action.

56. The Logo is an original work of authorship and constitutes copyrightable subject matter under the laws of the United States. The image was fixed in a tangible medium of expression, as described. An application for a federal registration of the artwork has been filed with the Register of Copyrights, dated September 17, 2016; and the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form. Defendants infringed the work, as described above.

57. At all times since the creation of the graphic expression, Plaintiff complied with all aspects of the Copyright Acts of 1909 and 1976 and all other laws governing copyright, and secured the exclusive rights and privileges in and to the graphic expression. Plaintiff is the sole owner of all rights, title, and interest in and to the copyright in the graphic expression.

58. Defendants infringed Plaintiff's copyright by copying, as described above, the Logo and exhibiting such copies as part of their signage, advertising and marketing materials.

59. All of Defendants' acts were performed without the permission, license or consent of Plaintiff.

60. By reason of Defendants' acts of copyright infringement as alleged herein, Plaintiff has suffered and will continue to suffer substantial damage to Plaintiff's business in the form of diversion of trade, loss of profits, and a diminishment in the value of Plaintiff's works, rights, and reputation, in part as described above, all in amounts that are not yet ascertainable but not less than the jurisdictional minimum of this court.

61. By reason of its infringement of Plaintiff's copyright as alleged herein, Defendant is liable to Plaintiff for the actual damages incurred by Plaintiff as a result of the infringement, and for any profits of Defendant directly or indirectly

attributable to such infringement.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

1. That Plaintiff is awarded all damages, including future damages, that Plaintiff has sustained, or will sustain, as a result of the acts complained of herein, subject to proof at trial;

2. That Plaintiff is awarded his costs, attorneys' fees and expenses in this action;

3. That Plaintiff is awarded pre-judgment interest;

4. For an order permanently enjoining Defendants and their employees, agents, servants, attorneys, representatives, successors, and assigns, and any and all persons in active concert or participation with any of them, from engaging in the misconduct referenced herein;

5. That Defendants be ordered to immediately recall and remove the infringing materials from any and all locations, and to supply accountings to Plaintiff's counsel;

6. That Defendants be ordered to file with this Court and serve upon Plaintiff's counsel within thirty (30) days after services of the judgment demanded herein, a written report submitted under oath setting forth in detail the manner in which they have complied with the judgment;

7. That Defendants be adjudged to have engaged in unlawful, unfair and/or fraudulent business practices and unfair competition in violation of California Business and Profession Code §§ 17200 et seq.;

8. For disgorgement of all proceeds, and restitution of the moneys wrongfully received by Defendants as the result of their wrongful conduct, including copyright and trademark infringement, and unlawful, unfair, and deceptive business practices;

9. For punitive damages in an amount sufficient to deter Defendants, and each of them, from their wrongful conduct; and

10. For further relief, as the Court may deem appropriate.

DATED: March 8, 2017 GLUCK LAW FIRM P.C.

By: /s/
Jeffrey S. Gluck
Attorney for Plaintiff Peter Gatien

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on his claims on all issues triable by a jury.

DATED: March 8, 2017

GLUCK LAW FIRM P.C.

By: /s/
Jeffrey S. Gluck
Attorneys for Plaintiff Peter Gatien